UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    SELECT TREE FARMS, INC.                      12-10669 B

                            Debtor                  DECISION & ORDER
------------------------------------------------------
In re

    GEORGE A. SCHICHTEL and               12-10670 B
    DEBRA G. SCHICHTEL,

                            Debtors
------------------------------------------------------

                        Hodgson Russ LLP
                        Garry M Graber, Esq., of counsel
                        Steven W. Wells, Esq., of counsel
                        The Guaranty Building, Suite 100
                        140 Pearl Street
                        Buffalo, New York 14202
                        Attorneys for Evans Bank, N.A.

                        Damon Morey LLP
                        William F. Savino, Esq., of counsel
                        The Avant Building, Suite 1200
                        200 Delaware Avenue
                        Buffalo, New York 14202-2150
                        Attorneys for Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

       The surviving debtors in these Chapter 11 cases have moved to defer the effective date of a conditional stipulation for stay relief. The central issue is whether the court can derive authority for the requested relief from section 105 of the Bankruptcy Code.

       George A. Schichtel is the owner and president of Select Tree Farms, Inc., a corporation that operates a tree farm and wholesale nursery. On March 7, 2012, Select Tree Farms filed a petition for relief under Chapter 11 of the Bankruptcy Code, as did George A. Schichtel and his wife, Debra G. Schichtel. Immediately after the filing of their

petitions, the debtors presented two "first day" motions. Seeking joint administration of the personal and corporate cases, the first of these motions was granted without opposition. The second motion sought authorization for use of cash collateral. As the primary secured creditor, Evans Bank, N.A., opposed this request. Hearings on this second motion were accordingly scheduled for March 13 and March 20. Before the court could render a decision, however, the parties reached a settlement. Accordingly, on March 26, 2012, this court entered a document entitled "Stipulation and Order Regarding Use of Cash Collateral by Debtor Select Tree Farms, Inc."

The present dispute arises from the following language of paragraph 5 of the Stipulation and Order of March 26:

> "No later than November 15, 2012, Select [Tree Farms] shall sell sufficient items of its equipment as is necessary to pay Evans from the net proceeds of such sales (after payment of costs of sale and liens superior to those of Evans) the sum of $200,000.00 for application to the principal amount of the Evans indebtedness. In the event that Select Tree fails to comply with this provision, Evans shall have the unqualified right to the immediate issuance of an order from the Bankruptcy Court without prior notice to any party terminating the automatic stay in favor of Evans upon the expiration of three business days' prior telephonic or email notice to Select Tree (and/or its undersigned counsel), Farm Credit . . . and the Office of the United States Trustee . . . ."

By November 15, Select Tree Farms had failed either to liquidate any of its equipment or to pay any portion of the projected proceeds of $200,000 to Evans Bank. Consequently, on November 26, Evans Bank served notice that in three days, it would submit an order granting stay relief pursuant to paragraph 5 of the prior stipulation and order. Immediately upon receiving this notice, the debtors moved to modify the said paragraph 5, to extend for 45 days the deadline for sale and payment. On November 27, this court granted a request for a hearing on shortened notice, to the effect that a hearing on the debtors' motion to modify paragraph 5 was scheduled for 10 A.M. on November 30. In response, Evans Bank opposes any extension of time and presses its application for an order lifting the automatic stay.

In his moving papers and at oral argument, counsel for the debtors asserted that special circumstances dictated a change in terms for the use of cash collateral. Debra Schichtel suffered a massive stroke approximately two months prior to the deadline for liquidation of the equipment. Life support was removed on October 22, but Mrs. Schichtel remained alive in a comatose condition until her death on November 14. Funeral services were held on November 19 in Orchard Park, New York, and a memorial service was conducted on November 23 near Grand Rapids, Michigan, where the elderly parents of the deceased co-debtor reside. Mrs. Schichtel is the mother of three children: a 17 year old boy and 12 year old twins. Counsel represents that George Schichtel has been preoccupied with family responsibilities and has been unable to focus on any sale of equipment. Because he acts as the chief manager for his business, the debtors assert a justifiable need to extend the deadline for a partial liquidation of equipment. Evans Bank does not dispute any of the debtors' factual assertions, but nonetheless opposes any extension of time. While expressing sympathy for Mr. Schichtel's loss, the bank's attorney argues that the debtors should have made other or earlier arrangements for compliance with the sale stipulation. Noting that the extant stipulation and order granted an "unqualified right to immediate issuance of an order" for stay relief, the bank asks that the court grant stay relief without further delay.

The Stipulation and Order of March 26 are unequivocal in declaring a conditional entitlement to relief from the automatic stay of 11 U.S.C. § 362. But even without that Stipulation and Order, Evans Bank would presumably have enjoyed an underlying contractual right to enforce its security interest. Bankruptcy does not generally extinguish any right, but will merely subject its exercise to equitable considerations. Just as the right to repossession under a security agreement is stayed upon the filing of a bankruptcy petition, access to stay relief must always honor the equitable principles of the Bankruptcy Code, including those that may be preserved under 11 U.S.C. §105.

Section 105(a) of the Bankruptcy Code provides in relevant part that this court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This subdivision "does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under the applicable law'" *New England Dairies, Inc. v. Dairy Mart Conveniences Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2nd Cir. 2003), *quoting United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Nonetheless, it does empower "the bankruptcy court to exercise its equitable powers – where necessary or appropriate – to facilitate the implementation of other Bankruptcy Code provisions." *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 97 (2nd Cir. 2010), *quoting Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000).

Section 362 of the Bankruptcy Code imposes "a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate." In the context of Chapter 11, this automatic stay serves to allow to debtors a reasonable opportunity to restructure their financial affairs without need to devote scarce resources of time and energy to the defense of foreclosure litigation. Here, the debtors' motion seeks an order that will merely continue the protections of section 362 for at least an additional 45 days. As a continued implementation of the automatic stay, this relief falls within the authority granted to this court under 11 U.S.C. § 105.

When George Schichtel signed the conditional stipulation for stay relief, no one could have anticipated that its liquidation schedule would coincide with a time of great personal crisis. Mere expressions of sympathy become meaningless unless they find company with an understanding response. In the present instance, the debtors request only a modest extension of time, and have represented that they will seek no further extension. Meanwhile, interest at the negotiated rate will continue to accrue. If the equitable authority of 11 U.S.C. § 105 is to have any meaning, it must apply to circumstances like those here present. This is not to say that we can cavalierly overrule

the terms of a stipulation that the parties have negotiated in good faith. But in the present instance, a fair balancing of equitable considerations has provided overwhelming justification for the requested extension. By agreeing to the original stipulation, Evans Bank acknowledged that the debtors are qualified to implement a partial liquidation of equipment. The extension merely continues a liquidation process that offers a promise of mutual benefit. In his argument, counsel for the bank has suggested no reason why a delay from November 15 will materially affect the prospects of liquidation. Although the original deadline might have served to avoid the risk of lethargy or even obstinacy, no reasonable creditor should reject a modest accommodation for the unexpected personal emergency.

For the reasons stated herein, this court will grant the debtors' motion to modify paragraph 5 of the Stipulation and Order of March 26, to the effect that the deadline for a sale of equipment and application of proceeds is extended to December 31, 2012. The request of Evans Bank for an order granting stay relief is denied at this time, without prejudice to a future request for stay relief on notice to the debtors.

So ordered.

Dated:	Buffalo, New York	/s/	CARL L. BUCKI
	December 20, 2012	Carl L. Bucki, Chief U.S.B.J., W.D. N.Y.