UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    SELECT TREE FARMS, INC.                               12-10669 CLB

                    Debtors                          <u>DECISION & ORDER</u>
------------------------------------------------------

                          Damon Morey LLP
                          In care of Barclay Damon LLP
                          Beth Ann Bivona of counsel
                          The Avant Building
                          200 Delaware Avenue
                          Suite 1200
                          Buffalo, NY 14202-2150
                          Attorney for Debtor

                          Joseph W. Allen
                          Office of the U.S. Trustee
                          Olympic Towers
                          300 Pearl Street, Suite 401
                          Buffalo, NY 14202
                          United States Trustee

                          Morris L. Horwitz, Attorney at Law
                          PO Box 716
                          Getzville, NY 14068
                          Chapter 7 Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

       Lawyers must proceed with great caution whenever they propose to represent both a corporation and its principal owner in Chapter 11. Proper representation becomes even more challenging when such cases are jointly administered. In these situations, the attorney implicitly promises to provide complete and undivided assistance to each client. In the context of the final fee application presented in this case, outstanding issues include the impact of this commitment on a small portion of counsel's request.

       Select Tree Farms, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 7, 2012. As reported on a Statement of Financial Affairs

filed on behalf of that debtor, George A. Schichtel was the sole director, president and owner of Select Tree Farms. Moments after the filing of the petition for Select Tree Farms, Inc., George A. Schichtel and his wife, Debra G. Schichtel, filed their own personal joint petition for relief under Chapter 11.

On the same day as their bankruptcy filings, the Schichtels and Select Tree Farms filed several motions, including a motion for the joint administration of the two cases without substantive consolidation. The debtors further reported that they intended to bring a motion for the appointment of the law firm of Damon Morey LLP to serve as attorneys for both of the bankruptcy estates. Claiming an expectation of difficulty in allocating legal time, the proposed counsel filed papers asserting that the order for joint administration should include "authority for Damon Morey to post and to bill its time in these matters jointly, without allocation." Although the court granted the motion for joint administration,[1] we denied the request for consolidated time entries. Instead, the court explicitly directed that in maintaining time records, counsel was to segregate its work on behalf of the corporation from any services provided to the corporate principal and his wife. Thereafter, Damon Morey moved for its appointment to serve as counsel in both cases. After warning the firm of the risks associated with such joint representation, the court granted this later request.

On August 30, 2012, Damon Morey filed a first interim application for the allowance of compensation for services rendered and the reimbursement of expenses incurred through July 31, 2012, in the cases of Select Tree Farms and of George and Debra Schichtel. Although submitted as a single document, the application segregated the time and expenses associated with each case. Specifically, in the corporate case, the firm claimed outstanding fees for services in the amount of $106,936.50, and disbursements in the amount of $6,207.57. The firm claimed fees for services to Mr. and Mrs. Schichtel in the amount of $4,171. Upon giving due consideration to counsel's application, the court approved the requested reimbursement of expenses

---

[1] The problems addressed in this decision have prompted the court to reconsider its views on joint administration of the separate cases of a corporation and its principal. When a law firm undertakes to represent both debtors, joint administration may lull some attorneys into overlooking their separate and distinct obligations to each client. Meanwhile, in hindsight, the court can identify no major benefit from the joint administration that it allowed in the present instance. In future cases, therefore, the court will allow joint administration of a corporate case with that of its principal only in the most compelling of circumstances.

in full, but allowed interim payments on account of services in amounts equal to eighty percent of the value of documented time.  Thus, with regard to compensation for services, we authorized Select Tree Farms to pay $85,549.20 to Damon Morey, and deferred consideration of the balance of the firm's request in the amount of $21,387.30.[2]  Meanwhile, the court authorized George and Debra Schichtel to pay $3,336.80 and deferred consideration of a remaining balance in the amount of $834.20.  As to all debtors, any deferred request would be subject to review upon submission of a final fee application.

      Eventually, both the corporate and individual debtors would voluntarily convert their cases to Chapter 7.  On December 23, 2016, with regard to Select Tree Farms only, Damon Morey filed a final application for reimbursement of expenses and compensation for legal services.  Specifically, the firm requested an allowance for additional expenses in the amount of $2,083.55; an allowance in the amount of $21,387.30, on account of the deferred portion of fees sought from the corporate debtor in the first interim application; and an allowance in the amount of $126,325.75, as compensation for services rendered subsequent to the time described in the first interim application.  Both the Office of the United States Trustee and the Chapter 7 trustee objected to the allowance of various services rendered after the conversion of the case.  To address this concern, at the hearing on its application, Damon Morey orally agreed to reduce its claim by $9,837.25.  Consequently, for services not included in the first fee application, the firm now seeks compensation in the reduced amount of $116,488.50.

      Section 330 of the Bankruptcy Code establishes standards for the determination of compensation.  Subdivision (a)(1) of this section recites the general rule:

> "After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or

---

[2]Although the Court authorized the debtor to pay Damon Morey the sum of $91,756.77 (interim fees totaling $85,549.20 plus disbursements of $6,207.56), the firm received only $66,826.91 as of the date of its final fee application.

>	attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses."

Subdivisions (a)(3) and (a)(4) recite particular considerations for the determination of compensation. Pursuant to 11 U.S.C. § 330(a)(2), "[t]he court may, on its own motion. . . award compensation that is less than the amount of compensation that is requested." Also, in those instances where it has awarded interim compensation, the court may order the recipient to return the amount by which "such interim compensation exceeds the amount of compensation awarded" under section 330. 11 U.S.C. § 330(a)(5).

As requested in Damon Morey's final application, the court approves reimbursement of the firm's itemized disbursements. With regard to services rendered, as permitted under 11 U.S.C. § 330(a)(2) and (5), we have examined the firm's entire request for compensation, including charges for time entries listed in both the first interim application and the final application. Based on this review, we have identified three issues that compel a downward adjustment of compensation.

First, in its listing of services on behalf of the corporation, Damon Morey has posted 20 entries that relate to the individual case of George and Debra Schichtel. Five entries involve the preparation of monthly operating reports for these individuals; two entries involve a question concerning domestic support obligations; three entries involve an application for stay relief to foreclose on the Schichtel's personal residence; and ten entries involve an application for stay relief to repossess a boat that the Schichtel's owned personally. Altogether, these items represent services having a stated value of $1,645.50. We must therefore reduce the requested allowance in the corporate case by this amount.

The second but more troublesome issue relates to a response to the application of American Honda Finance Corporation for relief from the automatic stay. In December of 2008, Select Tree Farms and Debra Schichtel jointly purchased a Honda Pilot sports utility vehicle, apparently for use by Mrs. Schichtel. In connection with this purchase, Debra Schichtel signed a retail installment sales contract both individually and as a vice-president of Select Tree Farms. Sometime thereafter but prior to the

bankruptcy filing, Mrs. Schichtel terminated her affiliation with Select Tree Farms. With its bankruptcy petition, the corporation filed a Statement of Financial Affairs which indicates that Debra Schichtel was not then an officer or director. Meanwhile, Mrs. Schichtel submitted schedules indicating that she was not employed.

By the time that the debtors filed their bankruptcy petitions in March of 2012, Debra Schichtel and Select Tree Farms had defaulted in their payments to American Honda Finance Corporation, the holder of the purchase money security interest in the Honda Pilot. Consequently, on April 3, 2012, the secured creditor filed a motion for stay relief. In this application, American Honda Finance Corporation represented that in March of 2012, the vehicle had a wholesale value that was almost $9,000 greater than the outstanding secured indebtedness. In the context of representing the corporation, Damon Morey should have urged a liquidation of the vehicle and recovery of its equity for the benefit of the estate. Instead, it negotiated frequent adjournments that allowed Mrs. Schichtel to retain possession and use. When the Court finally lifted the stay more than two years after the initial application for relief, the vehicle's equity had almost fully dissipated. In responding to the motion, Damon Morey performed work listed on 46 time entries. Collectively, these services have an asserted value of $3,383, a sum that Damon Morey now seeks to collect from the estate of Select Tree Farms, Inc.

In representing both a corporation and related individuals, attorneys face special challenges, including a duty to exercise independent judgment on behalf of each client separately. From the perspective of Select Tree Farms, no benefit derived from the defense of the motion of American Honda Finance Corporation for stay relief. The vehicle was used not by the corporation, but by an individual who was no longer associated with Select Tree Farms. Subject to exceptions not here relevant, section 330(a)(4)(a)(ii) of the Bankruptcy Code provides that the court shall not allow compensation for "services that were not – (I) reasonably likely to benefit the debtor's estate." Here, the efforts of counsel may have enabled Mrs. Schichtel to enjoy use of the Honda, but her interests are not necessarily the interests of the corporation. We need not now discuss how Damon Morey might have resolved the conflict caused by representing two parties with conflicting interests. Nonetheless, because the

corporation derived no benefit from the firm's efforts, we must deny the request for compensation related to the Honda motion for stay relief.

The final area of concern relates to time spent in negotiating a further third-party guarantee of legal fees. After approving several temporary authorizations for Damon Morey to serve as counsel for the debtors, this court granted a final order approving the firm's employment on June 18, 2012. However, less than eight months later, as indicated on time records submitted with its most recent fee application, Damon Morey was attempting to secure a third party's guarantee of its fees. The firm spent 4.2 hours of time on these negotiations. For this, Damon Morey now seeks compensation of $953.

On March 27, 2012, Select Tree Farms and George and Debra Schichtel filed their joint motion for authority to employ Damon Morey LLP as general counsel. In their motion, the debtors stated that they "anticipate that Damon Morey will render general legal services as counsel to the Debtors as needed throughout the course of these Chapter 11 cases, including bankruptcy and restructuring, corporate and litigation." The motion then recited a comprehensive list of 13 areas of legal services that Damon Morey had agreed to perform. Further, the motion referenced no contingency regarding the continuation of legal services. Notably, the motion was signed not only by the debtors, but also by Damon Morey. By its signature, the firm confirmed its agreement to render complete services throughout the bankruptcy. Consequently, Select Tree Farms already enjoyed the benefit of Damon Morey's promise of legal representation, even without regard to the outcome of any negotiations for a further guarantee of payment.

We appreciate that in complex cases, actual time expenditures may quickly exceed projections. When management wishes to explore reorganization options despite counsel's skepticism, circumstances may cause the attorneys to seek further assurances of payment. Nonetheless, when counsel here had fully committed to represent the debtor for the duration of the case, the guarantee of legal fees really inured to the benefit of the attorneys, and not to the benefit of the bankruptcy estate. Accordingly, no compensation will be allowed for the time devoted to securing the additional guarantee of fees.

Conclusion

In its first interim application, Damon Morey LLP sought payment for services rendered and disbursements incurred for the benefit of Select Tree Farms, Inc., in the combined amount of $113,144.07. In a final application for allowances, the attorneys then requested reimbursements and compensation, after adjustments to which the firm has consented, in the further amount of $118,572.05. Together, the two fee applications now seek allowances totaling $231,716.12 on account of expenses incurred and services rendered on behalf of the corporation. For the reasons stated herein, the court will disallow portions of these requests in the amount of $5,981.50. Accordingly, on a final basis, Damon Morey LLP is allowed the sum of $225,734.62. By reason of the prior award of an interim allowance, the applicant has already received $66,826.91. Additionally, the firm holds the sum of $108.41, on account for the benefit of the debtor. Both of these later sums are properly now applied and credited against the allowed fees. Accordingly, Damon Morey LLP is now owed an outstanding balance of $158,799.30.[3] To the extent that it is unable to recover this sum from a guarantor, Damon Morey LLP may file a proof of claim for the remaining balance.

So ordered.

/s/ Carl L. Bucki

Dated:     Buffalo, New York           _____
           May 5, 2017                 Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

---

[3] This sum incorporates and does not enhance the court's prior order of February 17, 2017, which granted partial approval of the fee request.