UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re
    SELECT TREE FARMS, INC.,                                     BK 12-10669 CLB

                                 Debtor.                       <u>DECISION & ORDER</u>
-------------------------------------------------------

    GEORGE A. SCHICHTEL and
    DEBRA G. SCHICHTEL,

                                 Debtors.                      BK 12-10670 CLB
-------------------------------------------------------

                Andreozzi Bluestein LLP
                Daniel F. Brown, Esq.
                9145 Main Street
                Clarence, New York 14031
                Attorney for George A. Schichtel

                Gleichenhaus, Marchese & Weishaar, PC
                Michael A. Weishaar, Esq.
                43 Court Street, Suite 930
                Buffalo, New York 14202
                Attorney for Michael Hayes and MKH Construction, LLC

                Office of the U.S. Trustee
                Joseph W. Allen, Esq.
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202

                Morris L. Horwitz, Esq.
                PO Box 716
                Getzville, NY 14068
                Chapter 7 Trustee for Select Tree Farms, Inc.

                Mark S. Wallach, Esq.
                PO Box 607
                Amherst, NY 14226
                Chapter 7 Trustee for George A. and Debra G. Schichtel

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Two creditors seek permission under Bankruptcy Rule 3006 to withdraw their proofs of claim. The central issue is whether the Court should allow any such withdrawal to occur "without prejudice" to recovery outside the bankruptcy process.

George A. Schichtel is the owner of Select Tree Farms, Inc. On March 7, 2012, petitions for relief under Chapter 11 of the Bankruptcy Code were filed both by Select Tree Farms and by George Schichtel jointly with his wife, Debra G. Schichtel. Mrs. Schichtel died on November 14, 2012. Select Tree Farms voluntarily converted its case to Chapter 7 on February 10, 2014. On behalf of himself and as Administrator of the estate of his deceased wife, George Schichtel converted the joint case to Chapter 7 on October 22, 2014.

While operating as debtors in possession, Select Tree Farms and George Schichtel may have conducted some sort of business with Michael K. Hayes and/or his company, MKH Construction, LLC. Hayes alleges that he made loans to the debtors and that he and Schichtel entered into a joint venture. Schichtel disagrees with this characterization of their dealings. It appears that no agreement was ever memorialized in writing. During the pendency of the cases in Chapter 11, neither debtor sought authorization from this Court to borrow from Hayes or his company, or to enter transactions with them outside the ordinary course of business. The debtors' monthly operating reports contain no acknowledgment of a loan from these purported

creditors. While Michael Hayes claims damages, the debtors dispute liability.

Upon conversion of their cases to Chapter 7, both Select Tree Farms and George Schichtel filed final reports that identify Michael Hayes and MKH Construction as disputed creditors. Michael Hayes responded in three ways. First, on March 6, 2014, he filed a proof of claim for $465,000 in the case of Select Tree Farms. Then on January 16, 2015, Hayes and MKH Construction commenced Adversary Proceeding No. 15-1007 (the "Hayes Adversary Proceeding") against George Schichtel, in which the plaintiffs sought either a denial of discharge under 11 U.S.C. § 727, or a determination that their claims were non-dischargeable under 11 U.S.C. § 523. The third response occurred on May 29, 2015, when Hayes and MKH Construction jointly filed a proof of claim in the personal case of George and Debra Schichtel for the same amount as in the claim against Select Tree Farms.

On April 30, 2015, the United States Trustee commenced Adversary Proceeding No. 15-1028 (the "Trustee Adversary Proceeding") against George A. Schichtel to deny a discharge under 11 U.S.C. § 727(a)(2)(B), § 727(a)(4)(A) and § 727(a)(7). With regard to subdivisions (a)(4)(A) and (a)(7), the complaint includes an allegation that Schichtel made a false oath when on behalf of his corporation, he filed monthly operating reports stating "that no post-petition loans had been received by Select Tree from any party." Although the pleadings do not identify a lender, the litigants have acknowledged that the purported creditor was either Michael Hayes or his corporation. Additionally, the trustee asks that discharge be denied under subdivision (a)(2)(B)

because "the Debtor, with intent to hinder, delay, or defraud creditors transferred and/or concealed property of the estate after the Petition Date."

Pursuant to Bankruptcy Rule 7016 and Rule 16 of the Federal Rules of Civil Procedure, this Court held an initial pretrial conference in the Hayes Adversary Proceeding on March 26, 2015, and in the Trustee's Adversary Proceeding on April 25, 2016. Based on representations that the adversary proceedings involved the same transactions between the debtors and Hayes, the Court accepted a suggestion that adjourned pretrial conferences in both matters be set for the same time, starting with a conference on August 1, 2016. Over the course of more than five years, the litigants have worked to resolve discovery issues and to attempt negotiations for settlement. Ultimately, with regard to the Trustee's Adversary Proceeding, the parties reported that George Schichtel was considering a settlement whose terms would include a waiver of discharge. Prior to finalizing this result, however, Schichtel requested an opportunity to challenge the claims of Michael Hayes and MKH Construction. Accordingly, on May 22, 2021, George Schichtel filed objections to those claims.

Following service of the claim objections, Michael Hayes sought opportunities to secure new counsel and to submit amended proofs of claim. We accommodated these requests. Hayes and MKH Construction filed amended proofs of claim on September 22, 2021, and on October 15, George Schichtel filed supplemental objections. At a hearing on October 18, the Court allowed Hayes an additional two weeks to respond to Schichtel's submission. Argument on the merits of the claim objections was then

set for November 1.  On that date, rather than defend their claims, Hayes and MKH Construction sought leave, in the interest of judicial economy, to dismiss the Hayes Adversary Proceeding and to withdraw their proofs of claim, "without prejudice." George Schichtel objected.  He contends that because the claims allegedly arose from transactions during the pendency of Chapter 11, any dispute is more appropriately resolved in Bankruptcy Court.  Schichtel further asserts that his papers fully present the grounds for a denial of the claims and that the matter is ready for decision.

Discussion

Bankruptcy Rule 3006 establishes the following standard for withdrawal of a claim in bankruptcy:

> "A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule.  If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. . . ."

Here, the requests to withdraw claims come only after Schichtel filed his objections to their allowance.  Consequently, as stated in Rule 3006, the Court may impose proper conditions on the proposed withdrawal.

The Court at this time does not address the merits of any claim or the debtor's

entitlement to a discharge.  Rather, we limit our discussion to the proper conditions for a withdrawal of claims.  Two independent reasons compel us to hold that any such withdrawal may here occur only with prejudice to further collection efforts.

The first reason is that the claims involve bankruptcy issues that are appropriately resolved in Bankruptcy Court.  Both Hayes and MKH Construction seek to recover damages from activity during the pendency of cases in Chapter 11.  Notably, the claims implicate the proper administration of the bankruptcy estates.  Issues may include whether any credit extension should have required the authorization of this Court under 11 U.S.C. § 364, whether the underlying transactions exceeded the debtors' authority to conduct business in the ordinary course under 11 U.S.C. § 363, and whether the purported creditors knowingly participated in a scheme to misuse assets of the bankruptcy estate.  Creditors may always choose not to pursue claims, but that right does not necessarily grant license to seek recovery in a different forum.  In the present circumstance where claims involve the duties of a debtor in possession, any dispute should be resolved in Bankruptcy Court or not at all.

Secondly, the bankruptcy process has advanced well beyond the point where this Court should abstain from a final resolution of the disputed claims.  Hayes and his corporation submitted to the jurisdiction of this Court when they filed proofs of claim in 2014 and 2015, and when they commenced the Hayes Adversary Proceeding on January 16, 2015. For more than six years, the Court has monitored efforts to prepare the Hayes Adversary Proceeding and the Trustee Adversary Proceeding for trial.  As

between these two actions, fifteen pretrial conferences have been conducted. Although protracted, discovery appears finally to be nearing completion. A resolution of claims now stands as the only impediment to a settlement of the Trustee Adversary Proceeding. To this end, George Schichtel has duly filed claim objections and has submitted papers in support of his position. At this late stage in these prolonged proceedings, we should not allow the current dispute to be deferred to a different forum at a future date.

Every judicial proceeding implicitly aspires to achieve finality. Bankruptcy is particularly designed to accelerate this process, so that debtors and creditors can move forward to face another day. Whether in bankruptcy or elsewhere, the desire for finality grows as parties increase their investment in the process of dispute resolution. Even when debtors do not receive the benefit of a discharge, they nonetheless deserve a final answer on the disputed status of obligations that arose while operating as a debtor in possession. The Court does not here invite Hayes and his company to withdraw their claims. However, if they wish to do so, they must accept the termination of any entitlement to recover damages.

For the reasons stated herein, the request of Hayes and MKH Construction, LLC, to withdraw their proofs of claim without prejudice is denied. A hearing on the debtor's outstanding claim objections is rescheduled for 10 A.M. on December 13, 2021. At that time, if they so wish, the creditors may request permission to withdraw their claims on condition of a waiver of rights against the debtors. They may also renew any

request for a voluntary dismissal of the Hayes Adversary Proceeding.  If appropriate, the Court may adjourn the hearing on December 13, 2021, to a discreet time for presentation of evidence.

So ordered.

Dated: November 30, 2021          /s/ Carl L. Bucki
       Buffalo, New York          Hon. Carl L. Bucki, Chief  U.S.B.J., W.D.N.Y.